ANN MILLER RAVEL, County Counsel (S.B. #62139)
MELISSA R. KINIYALOCTS, Deputy County Counsel (S.B. #215814)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California  95110-1770
Telephone:  (408) 299-5900
Facsimile:  (408) 292-7240

Attorneys for Defendants
COUNTY OF SANTA CLARA, ALICIA
CORTEZ, YAZMINA LETONA, and
SHARON BURGAN

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT FREDENBURG, Individually and as Guardian Ad Litem for his minor children A.F. M.F and E.F., KIM FREDENBURG,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA, YASMINA LETONA, individually and as an employee of COUNTY OF SANTA CLARA, ALICIA CORTEZ, individually and as an employee of the COUNTY OF SANTA CLARA, SHARON BURGAN, individually and as an employee of the COUNTY OF SANTA CLARA, CITY OF MILPITAS, PETE PROLO, individually and as an employee of CITY OF MILPITAS, OFFICER YAMAMURA, individually and as an employee of CTIY OF MILPITAS, And Does 1-10 inclusive,<br><br>    Defendants. | No.  C 07-4412 RS<br><br>**ANSWER TO COMPLAINT DEMAND FOR JURY TRIAL** |

Defendants County of Santa Clara, Yazmina Letona, Alicia Cortez, and Sharon Burgan (collectively, "Defendants") answer the Complaint for Violation of Civil Rights, False Arrest, Intentional Infliction of Emotional Distress of Plaintiffs Matt Fredenburg, individually and as

Guardian Ad Litem for his minor children, A.F., M.F., and E.F., and Kim Fredenburg ("Plaintiffs"), and admit, deny, and allege as follows:

## I.

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

1. Answering the allegations of Paragraph 1 of the Complaint, Defendants admit that Plaintiffs bring this action pursuant to 42 U.S.C. section 1983 and the First, Fourth, and Fourteenth Amendments to the U.S. Constitution and state law. Except as so admitted, Defendants deny each and every remaining allegation contained therein.

2. Answering the allegations of Paragraph 2 of the Complaint, Defendants admit that this Court has jurisdiction over Plaintiffs' federal civil rights claims.

3. Answering the allegations of Paragraph 3 of the Complaint, Defendants admit that this Court has supplemental jurisdiction over Plaintiffs' state law claims.

4. Answering the allegations of Paragraph 4 of the Complaint, Defendants admit that venue properly lies in the Northern District of California, San Jose Division.

5. Answering the allegations of Paragraph 5 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis deny each and every allegation contained therein.

## II.

## PARTIES

6. - 7. Answering the allegations of Paragraphs 6-7 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

8. Answering the allegations of Paragraph 8 of the Complaint, Defendant admits that Defendant County of Santa Clara is a municipality organized and operating under the laws of the State of California.

9. Answering the allegations of Paragraph 9 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis deny each and every allegation contained therein.

10.     Answering the allegations of Paragraph 10 of the Complaint, Defendants admit that Defendant Alicia Cortez is an employee of the County of Santa Clara. Excepted as so admitted, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis deny each and every allegation contained therein.

11.     Answering the allegations of Paragraph 11 of the Complaint, Defendants admit that Defendant Yazmina Letona is an employee of the County of Santa Clara. Excepted as so admitted, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis deny each and every allegation contained therein.

12.     Answering the allegations of Paragraph 12 of the Complaint, Defendants admit that Defendant Sharon Burgan is an employee of the County of Santa Clara. Excepted as so admitted, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis deny each and every allegation contained therein.

13.-18.     Answering the allegations of Paragraphs 13-18 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

### III.
### FACTUAL ALLEGATIONS

19.- 44.     Answering the allegations of Paragraphs 19-44 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

### IV.
### DAMAGES

45. - 46.     Answering the allegations of Paragraphs 44-46 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

//

V.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**[Matt, A.F., M.F., and E.F. Against Prolo, Cortez, Yamamura – Warrantless Removal]**

47. - 50.   Answering the allegations of Paragraphs 47-50 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

SECOND CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**[A.F., M.F., and E.F. Against Cortez, Yamamura, and Prolo – Warrantless Seizure]**

51.-54.   Answering the allegations of Paragraphs 51-54 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

THIRD CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**[Matt, A.F., M.F., and E.F. Against Letona and Cortez – Continued Detention]**

55. - 58.   Answering the allegations of Paragraphs 55-58 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

FOURTH CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**[Kim and Matt Against Letona – First and Fourteenth Amendments – Divorce Threats]**

59. - 67.   Answering the allegations of Paragraphs 59-67 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

/ /

/ /

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer to Complaint                             4                              C 07-4412 RS

## FIFTH CLAIM FOR RELIEF
## FALSE ARREST / IMPRISONMENT
### [A.F., M.F., and E.F. Against All Defendants]

68. - 71.   Answering the allegations of Paragraphs 68-71 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

## SIXTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### [Plaintiffs Against Prolo, Yamamura, Cortez, Letona, and Burgan]

72. - 77.   Answering the allegations of Paragraphs 72-77 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF
## BATTERY
### [A.F., M.F., and E.F. Against Prolo, Yamamura, and Cortez and Does 5-7]

78. - 82.   Answering the allegations of Paragraphs 78-82 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

## EIGHTH CLAIM FOR RELIEF
## BATTERY
### [M.F. Against Doe 2]

83. - 86.   Answering the allegations of Paragraphs 83-86 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

/ /
/ /
/ /
/ /

Case 5:07-cv-04412-JW    Document 7    Filed 10/16/2007    Page 6 of 12

## NINTH CLAIM FOR RELIEF

## NEGLIGENCE

**[M.F. Against Cortez, Letona, and Does 3-5 – Negligence in Placement and Supervision]**

87. - 101.   Answering the allegations of Paragraphs 87-101 of the Complaint, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

WHEREFORE, Defendants pray for judgment in their favor as hereafter set forth.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

(Failure To State A Claim)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that neither the Complaint nor any of its purported causes of action state facts sufficient to constitute a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

(Comparative Fault – Plaintiffs)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that Plaintiffs were careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by plaintiffs.  Under principles of comparative fault, Plaintiffs must bear sole, or partial, responsibility for their alleged injuries, damages or other alleged loss, if any there be, using a percentage allocation of Plaintiffs' fault or negligence.

## **THIRD AFFIRMATIVE DEFENSE**

(Comparative Fault of Third Persons)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that the happening of the incidents complained of, and the loss and damage, if any, which Plaintiffs allegedly sustained, were caused wholly or in part by the fault of persons, firms, corporations, or entities other than Defendants, and such fault is imputed to Plaintiffs and either eliminates or comparatively reduces the percentage of fault, if any, of Defendants with respect to the matters

complained of in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(Actual Cause)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that the acts alleged in the Complaint, on the part of Defendants, did not actually cause the injuries complained of by Plaintiffs. As such, Defendants are not liable for the injuries complained of herein.

## FIFTH AFFIRMATIVE DEFENSE

(Proximate Cause)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that there is no proximate causation to link the injuries complained of by Plaintiffs with any actions on the part of Defendants, if any there may be, as alleged in the Complaint. As such, Defendants are not liable for the injuries complained of.

## SIXTH AFFIRMATIVE DEFENSE

(Discretionary Immunity)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that any acts on the part of Defendants, or its employees, if any there may have been, were discretionary, and not ministerial in nature. As such, Defendants are not liable for the injuries complained of herein.

## SEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that each and every cause of action of the Complaint is barred by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

(Consent)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that neither the Complaint nor any of its purported causes of action state a claim upon which relief

can be granted because Plaintiffs consented to all acts of Defendants as alleged in the Complaint and contributed to the incidents referred to in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that Plaintiffs have failed to mitigate any or all of the damages alleged in the Complaint, and are thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on Plaintiffs' part.

### TENTH AFFIRMATIVE DEFENSE
(Estoppel)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that each and every cause of action of the Complaint is barred in that Plaintiffs are estopped from recovering the amounts claimed, or any amount at all.

### ELEVENTH AFFIRMATIVE DEFENSE
(Waiver)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that each and every cause of action in the Complaint is barred in that Plaintiffs have waived any rights they may have had to the amounts claimed, or any amount at all.

### TWELFTH AFFIRMATIVE DEFENSE
(Punitive Damages)

As a separate, distinct and affirmative defense to the Complaint, Defendants allege that they are not liable for punitive or exemplary damages.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Acts In Good Faith)

As a separate and distinct affirmative defense to the Complaint, Defendants allege that the employees, officials and agents of the County were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiffs may have is barred by law.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Immunity)

As a separate and distinct affirmative defense to the Complaint, Defendants allege that the Complaint should be dismissed because they are entitled to absolute and/or qualified immunity based on the applicable federal and state laws and case law.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Privileged/Justified Conduct)

As a separate and distinct affirmative defense to the Complaint, Defendants allege that their conduct at all times material herein was privileged and/or justified under applicable law.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

As a separate and affirmative defense to the Complaint, Defendants allege that this action is barred due to the doctrines of res judicata and/or collateral estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Lack of Jurisdiction)

As a separate and distinct affirmative defense to the Complaint, Defendants allege that this Court has no jurisdiction over the subject of the cause of action alleged in Plaintiffs' pleading against Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(California Tort Claims Act)

As a separate and distinct affirmative defense to the Complaint, Defendants allege that this action is barred by the California Tort Claims Act and California case law.

## NINETEENTH AFFIRMATIVE DEFENSE

(Government Code)

As a separate and distinct affirmative defense to the Complaint, Defendants assert all of the affirmative defenses provided in Government Code Sections 810 through 1000, including but not limited to sections 815, 815.2, 815.6, 818, 818.6, 818.8, 820.2, 820.8,820.2, 820.8, 821,4, 821.6, 822.2, 840 and 840.6.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Tort Claims Act)

As a separate and distinct affirmative defense to the Complaint, Defendants allege that Plaintiffs have failed to comply with Government Code Section 905-945.4.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Immunity)

As and for a separate and affirmative defense to the Complaint, Defendants allege that they are immune from liability under 42 U.S.C. § 1983.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(No Deprivation of Rights)

As a separate and affirmative defense to the Complaint, Defendants deny that they have deprived Plaintiffs of any rights, privileges or immunities granted by the laws or Constitution of the United States, or by the laws or Constitution of the State of California.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Immunity – Good-Faith Belief)

As a separate and affirmative defense to the Complaint, Defendants allege that at all times alleged in the Complaint they acted within the scope of discretion with due care, in good-faith fulfillment of their responsibilities, pursuant to applicable statutes, rules, regulations and practices, within the bounds of reason, under all circumstances known to them, and with the good-faith belief that their actions comported with all applicable federal and state law. Defendants therefore assert that they are immune from liability.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Immunity – No Established Constitutional Rights)

As a separate and affirmative defense to the Complaint, Defendants allege that at the time of the events alleged by Plaintiffs there were no clearly established constitutional rights of which the Defendants knew, or should have known, which required the Defendants to act differently. Defendants therefore allege that they are immune from liability.

/ /

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Immunity – No Malicious Intent)

As a separate and affirmative defense to the Complaint, Defendants allege that they did not act with malicious intent or deprive the Plaintiffs of any constitutional rights. Defendants therefore allege that they are immune from liability.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Immunity – Good-Faith Reliance)

As a separate and affirmative defense to the Complaint, Defendants allege that if they performed any acts or made any omissions alleged in the Complaint, they did so in good-faith reliance on, and enforcement of, legitimate laws, rules and regulations. Defendants therefore assert that they are immune from liability.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Allegations Not Fairly Reflected in Claim)

As a separate, distinct and affirmative defense, Defendants allege that the Complaint alleges factual bases for recovery that were not fairly reflected in the Government Tort Claim presented.

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by way of their Complaint;
2. That the Complaint be dismissed with prejudice;
3. That all costs of suit, including attorneys' fees, be awarded to Defendants;

//
//
//
//
//
//
//
//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer to Complaint    11    C 07-4412 RS

4. That judgment be entered in favor of Defendants; and

5. That this Court award such further relief as the Court may deem just and proper.

Dated: October 15, 2007                  Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By:        /S/       
MELISSA R. KINIYALOCTS
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, ALICIA CORTEZ, YAZMINA LETONA, AND SHARON BURGAN

99511.wpd