1 | Kimberly E. Colwell (SBN: 127604)
Email: kcolwell@meyersnave.com
2 | Tricia L. Hynes (SBN: 212550)
Email: thynes@meyersnave.com
3 | MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
4 | Oakland, CA  94607
Telephone: (510) 808-2000
5 | Facsimile: (510) 444-1108
Email: acohen@meyersnave.com

Attorneys for Defendants
CITY OF MILPITAS; PETE PROLO, and DEREK YAMAMURA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT FREDENBURG, Individually and as Guardian Ad Litem for his minor children A.F. M.F. and E.F., KIM FREDENBURG,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA, YASMINA LETONA, individually and as an employee of COUNTY OF SANTA CLARA, ALICIA CORTEZ, individually and as an employee of the COUNTY OF SANTA CLARA, SHARON BURGAN, individually and as an employee of the COUNTY OF SANTA CLARA, CITY OF MILPITAS, PETE PROLO, individually and as an employee of CITY OF MILPITAS, OFFICER YAMAMURA, individually and as an employee of CITY OF MILPITAS, and Does 1-10, inclusive,<br><br>Defendants. | Case No:  C07-04412 RS<br><br>**DEFENDANTS CITY OF MILPITAS, PETE PROLO, and DEREK YAMAMURA'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br><br>State Court Complaint Filed:  December 16, 2005<br>Removal Filed:  February 3, 2006<br>Trial Date:  Not Yet Set |

COMES NOW Defendants City of Milpitas, Pete Prolo and Derek Yamamura (collectively "Defendants"), who answer Plaintiffs' Complaint as follows:

## I.

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

1. In answer to paragraph 1, Defendants do not dispute that plaintiffs are alleging causes of actions based upon the First, Fourth, and Fourteenth Amendments in their Complaint.

2. In answer to paragraph 2, to the extent that plaintiffs have alleged causes of actions based upon the First, Fourth, and Fourteenth Amendments, Defendants do not dispute that jurisdiction is proper

3. In answer to paragraph 3, to the extent that plaintiffs have alleged valid supplemental state law causes of actions, Defendants do not dispute that this Court may in its discretion choose to exercise supplemental jurisdiction.

4. In answer to paragraph 4, Defendants do not dispute that venue is proper if the events complained of occurred in Santa Clara County and at least one defendant resides within this County.

5. In answer to paragraph 5, Defendants deny these allegations based on a lack of information and belief.

## II.

## PARTIES

6. In answer to paragraph 6, Defendants deny these allegations based on a lack of information and belief.

7. In answer to paragraph 7, Defendants deny these allegations based on a lack of information and belief.

8. In answer to paragraph 8, while Defendants believe that the COUNTY OF SANTA CLARA is a municipality organized and operating under the laws of the State of California, however, Defendants lack the requisite knowledge and based thereon deny the allegations contained in paragraph 8.

9. In answer to paragraph 9, while Defendants believe that Children Protective Services is a COUNTY governmental agency organized and existing pursuant to the law and policies of the COUNTY, however, Defendants lack the requisite knowledge and based thereon deny these allegations contained in paragraph 9. Regarding the remaining allegations, Defendants deny them based on a lack of information and belief.

10. In answer to paragraph 10, Defendants deny these allegations based on a lack of information and belief.

11. In answer to paragraph 11, Defendants deny these allegations based on a lack of information and belief.

12. In answer to paragraph 12, Defendants deny these allegations based on a lack of information and belief.

13. In answer to paragraph 13, Defendants admit that the CITY OF MILPITAS is a municipality organized and operating under the laws of the State of California.

14. In answer to paragraph 14, Defendants admit that the Police Department is not a separate entity from the City, but exists within the CITY and under its control. Defendants deny the remaining allegations of this paragraph.

15. In answer to paragraph 15, Defendants admit that Officer Prolo is a Milpitas City Police Officer who was acting within the course and scope of his employment on June 24, 2006.

16. In answer to paragraph 16, Defendants admit that Officer Yamamura is a Milpitas City Police Officer who was acting within the course and scope of his employment on June 24, 2006.

17. In answer to paragraph 17, Defendants deny the allegations of this paragraph based on a lack of information and belief.

18. In answer to paragraph 18, Defendants deny the allegations of this paragraph based on a lack of information and belief.

///
///
///

## III.

## FACTUAL ALLEGATIONS

19. In answer to paragraph 19, Defendants admit that Plaintiff Kim Fredenburg left her seven-month old child locked in her vehicle while she went shopping. Defendants deny the remaining allegations based on a lack of information and belief.

20. In answer to paragraph 20, Defendants admit that Plaintiff Kim Fredenburg was ultimately arrested for child endangerment after she eventually returned from shopping. Defendants deny the remaining allegations based on a lack of information and belief.

21. In answer to paragraph 21, Defendants admit that after Plaintiff Kim Fredenburg admitted at the Police Department that she had lied about someone being at home and responsible for her eight-year-old and two-and-a-half-year-old, the City's officers were able to go and rescue the youngsters. Defendants deny the remaining allegations based on a lack of information and belief.

22. In answer to paragraph 22, Defendants admit that after a City officer contacted Plaintiff Matt Fredenburg and advised him of what was occurring with his children and wife, Plaintiff Matt Fredenburg told the officer that his parents would come, because he was too busy at work. Defendants deny the remaining allegations based on a lack of information and belief.

23. In answer to paragraph 23, Defendants admit that Officer Prolo informed Plaintiff Matt Fredenburg that his children would remain in Child Protective Services' custody pending an investigation based on his and his wife's behavior. Defendants deny the remaining allegations based on a lack of information and belief.

24. In answer to paragraph 24, Defendants deny the allegations based on a lack of information and belief.

25. In answer to paragraph 25, Defendants deny the allegations based on a lack of information and belief.

26. In answer to paragraph 26, Defendants deny the allegations based on a lack of information and belief.

27. In answer to paragraph 27, Defendants deny the allegations based on information and belief.

28. In answer to paragraph 27, Defendants deny the allegations based on a lack of information and belief.

29. In answer to paragraph 29, Defendants deny the allegations based on a lack of information and belief.

30. In answer to paragraph 30, Defendants deny the allegations based on a lack of information and belief.

31. In answer to paragraph 31, Defendants deny the allegations based on a lack of information and belief.

32. In answer to paragraph 32, Defendants deny each and every allegation contained therein.

33. In answer to paragraph 33, Defendants deny the allegations based on a lack of information and belief.

34. In answer to paragraph 34, Defendants deny the allegations based on a lack of information and belief.

35. In answer to paragraph 35, Defendants deny the allegations based on a lack of information and belief.

36. In answer to paragraph 36, Defendants deny the allegations based on a lack of information and belief.

37. In answer to paragraph 37, Defendants deny the allegations based on a lack of information and belief.

38. In answer to paragraph 38, Defendants deny the allegations based on a lack of information and belief.

39. In answer to paragraph 39, Defendants deny the allegations based on a lack of information and belief.

40. In answer to paragraph 40, Defendants deny the allegations based on a lack of information and belief.

41. In answer to paragraph 41, Defendants deny the allegations based on a lack of information and belief.

42. In answer to paragraph 42, Defendants deny the allegations based on a lack of information and belief.

43. In answer to paragraph 43, Defendants deny the allegations based on a lack of information and belief.

44. In answer to paragraph 44, Defendants deny the allegations based on a lack of information and belief.

## IV.

## DAMAGES

45. In answer to paragraph 45, Defendants deny each and every allegation contained therein.

46. In answer to paragraph 46, Defendants deny each and every allegation contained therein.

## V.

## CLAIMS FOR RELIF

### FIRST CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### (MATT and A.F., E.F. and M.F. against PROLO, CORTEZ and YAMAMURA – Warrantless removal)

47. In answer to paragraph 47, Defendants reallege their answers to paragraphs 1 through 46, with the same force and effect as if they were herein set out in full. Defendants deny the remaining allegations contained in this paragraph.

48. In answer to paragraph 48, Defendants deny each and every allegation contained therein.

49. In answer to paragraph 49, Defendants deny each and every allegation contained therein.

50. In answer to paragraph 50, Defendants deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)
## (A.F., E.F., and M.F. against PROLO, CORTEZ and YAMAMURA –
## Warrantless Seizure)

51. In answer to paragraph 51, Defendants reallege their answers to paragraphs 1 through 50, with the same force and effect as if they were herein set out in full. Defendants deny the remaining allegations contained in this paragraph.

52. In answer to paragraph 52, Defendants deny each and every allegation contained therein.

53. In answer to paragraph 53, Defendants deny each and every allegation contained therein.

54. In answer to paragraph 54, Defendants deny each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 US.C.A §1983)
## (MATT, A.F., E.F., M.F. against LETONA and CORTEZ – Continued Detention)

55. In answer to paragraph 55, Defendants reallege their answers to paragraphs 1 through 54, with the same force and effect as if they were herein set out in full. Defendants deny the remaining allegations contained in this paragraph.

56. In answer to paragraph 56, Defendants deny each and every allegation contained therein based on a lack of information and belief.

57. In answer to paragraph 57, Defendants deny each and every allegation contained therein based on a lack of information and belief.

58. Because paragraph 58 contains no allegation, Defendants deny each and every allegation contained therein based on a lack of information and belief.

///

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

### (KIM and MATT against, LETONA, 1st and 14th Amendment – Divorce Threats)

59. In answer to paragraph 59, defendants reallege their answers to paragraphs 1 through 58, with the same force and effect as if they were herein set out in full.

60. In answer to paragraph 60, Defendants deny each and every allegation contained therein based on a lack of information and belief.

61. In answer to paragraph 61, Defendants deny each and every allegation contained therein based on a lack of information and belief.

62. In answer to paragraph 62, Defendants deny each and every allegation contained therein based on a lack of information and belief.

63. In answer to paragraph 63, Defendants deny each and every allegation contained therein based on a lack of information and belief.

64. In answer to paragraph 64, Defendants deny each and every allegation contained therein based on a lack of information and belief.

65. In answer to paragraph 65, Defendants deny each and every allegation contained therein based on a lack of information and belief.

66. In answer to paragraph 66, Defendants deny each and every allegation contained therein based on a lack of information and belief.

67. In answer to paragraph 67, Defendants deny each and every allegation contained therein based on a lack of information and belief.

## FIFTH CLAIM FOR RELIEF

## FALSE ARREST AND IMPRISONMENT

### (A.F., E.F. and M.F. against All Defendants)

68. In answer to paragraph 68, defendants reallege their answers to paragraphs 1 through 67, with the same force and effect as if they were herein set out in full.

69. In answer to paragraph 69, Defendants deny each and every allegation contained therein.

70. In answer to paragraph 70, Defendants deny each and every allegation contained therein.

71. In answer to paragraph 71, Defendants deny each and every allegation contained therein.

## SIXTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Plaintiffs against PROLO, CORTEZ, YAMAURA, LETONA and BURGEN)**

72. In answer to paragraph 72, defendants reallege their answers to paragraphs 1 through 71, with the same force and effect as if they were herein set out in full

73. In answer to paragraph 73, Defendants deny each and every allegation contained therein.

74. In answer to paragraph 74, Defendants deny each and every allegation contained therein.

75. In answer to paragraph 75, Defendants deny each and every allegation contained therein.

76. In answer to paragraph 76, Defendants deny each and every allegation contained therein.

77. In answer to paragraph 77, Defendants deny each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF

## BATTERY

**(A.F., E.F., and M.F. against PROLO, CORTEZ, YAMAURA, and DOES 5-7)**

78. In answer to paragraph 78, defendants reallege their answers to paragraphs 1 through 77, with the same force and effect as if they were herein set out in full

79. In answer to paragraph 79, Defendants deny each and every allegation contained therein.

80. In answer to paragraph 80, Defendants deny each and every allegation contained therein.

81. In answer to paragraph 81, Defendants deny each and every allegation contained therein.

82. In answer to paragraph 82, Defendants deny each and every allegation contained therein.

## EIGHTH CLAIM FOR RELIEF

## BATTERY

### (M.F. against DOE 2)

83. In answer to paragraph 83, defendants reallege their answers to paragraphs 1 through 82, with the same force and effect as if they were herein set out in full

84. In answer to paragraph 84, Defendants deny each and every allegation contained therein.

85. In answer to paragraph 85, Defendants deny each and every allegation contained therein.

86. In answer to paragraph 86, Defendants deny each and every allegation contained therein.

## NINTH CLAIM FOR RELIEF

## NEGLIGENCE

### (M.F. against CORTEZ, LETONA and DOES 3-5 – Negligence in placement and supervision)

87. In answer to paragraph 87, defendants reallege their answers to paragraphs 1 through 86, with the same force and effect as if they were herein set out in full

88. In answer to paragraph 88, Defendants deny each and every allegation contained therein based on a lack of information and belief.

89. In answer to paragraph 89, Defendants deny each and every allegation contained therein based on a lack of information and belief.

90. In answer to paragraph 90, Defendants deny each and every allegation contained therein based on a lack of information and belief.

1       91.     In answer to paragraph 91, Defendants deny each and every allegation contained therein based on a lack of information and belief.

2       92.     In answer to paragraph 92, Defendants deny each and every allegation contained therein based on a lack of information and belief.

3       93.     In answer to paragraph 93, Defendants deny each and every allegation contained therein based on a lack of information and belief.

4       94.     In answer to paragraph 94, Defendants deny each and every allegation contained therein based on a lack of information and belief.

5       95.     In answer to paragraph 95, Defendants deny each and every allegation contained therein based on a lack of information and belief.

6       96.     In answer to paragraph 96, Defendants deny each and every allegation contained therein based on a lack of information and belief.

7       97.     In answer to paragraph 97, Defendants deny each and every allegation contained therein based on a lack of information and belief.

8       98.     In answer to paragraph 98, Defendants deny each and every allegation contained therein based on a lack of information and belief.

9       99.     In answer to paragraph 99, Defendants deny each and every allegation contained therein based on a lack of information and belief.

100.     In answer to paragraph 100, Defendants deny each and every allegation contained therein based on a lack of information and belief.

101.     In answer to paragraph 101, Defendants deny each and every allegation contained therein based on a lack of information and belief.

**WHEREFORE,** Defendants pray as follows:

1.     That Plaintiffs take nothing by reason of their Complaint and judgment be rendered in favor of defendants.

2.     That defendants be awarded their costs incurred in the defense of this action;

3.     For such other relief as the Court deems proper.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants City of Milpitas, and Officers Prolo and Yamamura, ("Defendants") and each of them, at all times, acted in good faith, without malice and within the scope and course of their employment, and under the reasonable belief that their actions were lawful. Accordingly, Defendants, and each of them, are entitled to qualified immunity herein.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to pursue the claims alleged in their Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to the provisions of California Government Code Sections 820.2 and 815.2.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to the provisions of California Government Code Sections 820.4 and 815.2.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' prayer for exemplary damages is precluded under California Government Code Section 818.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to California Government Code Sections 818.8 and 815.2.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to California Government Code Sections 820.8 and 815.2.

**NINTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to California Government Code Sections 821.6 and 815.2.

**TENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to California Government Code Sections 822.2 and 815.2.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that they had probable cause to believe that their actions toward the Plaintiffs were lawful.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants are immune from the claims contained in Plaintiffs' Complaint pursuant to the provisions of California Penal Code Section 835

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from the claims contained in Plaintiffs' Complaint pursuant to the provisions of California Penal Code Section 835(a).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from the claims contained in Plaintiffs' Complaint pursuant to the provisions of California Penal Code Section 836.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from the claims contained in Plaintiffs' Complaint pursuant to the provisions of California Penal Code Section 836.5

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against defendants under 42 U.S.C. §1983 are contrary to law, in that they are founded upon the doctrine of respondeat superior. Neither a municipality nor its officers, supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a respondeat superior theory. (*Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).)

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants are informed and believe and thereby allege that Plaintiffs' damages or injuries, if any, were aggravated by the failure of Plaintiffs and/or other individuals to use reasonable diligence to mitigate those injuries or damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that they took reasonable precautions with regard to protecting against any risk of injury complained of by Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants allege that the Plaintiffs had the express knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards and thereafter knowingly and willingly assumed those risks.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendants allege that at the times and places alleged their actions were privileged.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants allege that the Complaint and each cause of action thereof, fail to state facts sufficient constitute an award of attorney's fees against each defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiffs were comparatively at fault in the manner and style as set forth in the case of *Li v. Yellow Cab Company* (1975) 13 Cal. 3d 804, and these defendants pray that any and all damages sustained by said Plaintiffs be reduced by the percentage of his negligence.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiffs were guilty of willful misconduct which contributed to the happening of the accident which resulted in their alleged injuries.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants allege that all of the Plaintiffs' claims are barred by the applicable statutes of limitation.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants allege that the Plaintiffs' state law claims are barred by the claims presentation requirements of the California Government Tort Claims Act, or for exceeding the scope of any such claim.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' claim for punitive damages is barred by the doctrine enunciated in *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247 (1981).

### JURY DEMAND

Defendants hereby demand trial by jury.

### PRAYER

WHEREFORE, defendants pray as follows:

1. That Plaintiff takes nothing by reason of their Complaint and judgment be rendered in favor of defendants.

2. That defendants be awarded their costs incurred in the defense of this action;

3. For such other relief as the Court deems proper.

Dated: October 30, 2007              Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By __/s/_____
    Tricia L. Hynes
    Counsel for DEFENDANTS CITY OF MILPITAS, OFFICER PETE PROLO and OFFICER DEREK YAMAMURA

1025574_1.DOC