ROBERT R. POWELL, ESQ. CSB: 159747
LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San José, California 95126
T: 408-553-0200 F: 408-553-0203

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | | |
|---|---|---|
| MATT FREDENBURG, et al. | ) | Case No. C07 04412 JW |
| | ) | |
| Plaintiffs, | ) | JOINT INITIAL CASE MANAGEMENT |
| | ) | CONFERENCE STATEMENT |
| v. | ) | |
| | ) | |
| COUNTY OF SANTA CLARA, et al., | ) | |
| | ) | Date: 12-17-07  - Dept. 8 – 10:00 a.m. |
| Defendants. | ) | Honorable James Ware |
| | ) | |

## INTRODUCTION

All parties jointly submit this Case Management Statement and Proposed Order and request the Court adopt it as its Case Management Order in this case.

## STATUS OF THE MEETING OF THE PARTIES

The parties to this action have completed their meeting, pursuant to Federal Rules of Civil Procedure section 26(f). Counsel for the parties have engaged in good faith discussions of possible mediation and have submitted their Stipulation and Proposed Order Selecting ADR Process, selecting mediation.

## DESCRIPTION OF THE CASE

**1.    A brief description of the events underlying the action:**

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Plaintiffs complain that** on August 9th, 2006, defendant police officers from the City of Milpitas Police Department, Mr. Prolo and Mr. Yamamura, along with defendant social worker from the County of Santa Clara, Ms. Cortez, unlawfully removed the adult plaintiffs' three children from plaintiff-father Matt Fredenburg.

The children had initially been removed earlier that same day, when plaintiff-mother Kim Fredenburg had left the youngest child alone in a car while she shopped, and the two older children at home unsupervised.

Plaintiffs complain that thereafter, on the evening of the same day, the defendant County of Santa Clara, S. Burgan, and yet unknown defendants placed the children in a shelter facility (except A.F., an infant, who went to a emergency foster home) in Santa Clara County, and placed the oldest child (M.F.) with a child who was known by the County to have issues related to his own abuse that manifested with sexual acting out behaviors, and plaintiffs allege the child twice molested M.F. that evening.

Further, plaintiffs complain that defendant social worker supervisor S. Burgan assigned Ms. Letona to the Fredenburg investigation, and eventually Ms. Letona filed a petition under the Welfare & Institutions Code of California, seeking to commence a juvenile dependency matter. Plaintiffs complaint that Ms. Letona, with the support and knowledge of S. Burgan, made false statements, withheld information exculpatory in nature, and made other intentional efforts to ensure the continued detention of the Fredenburg children, when filing reports with the court, and used tactics intended to, and causing, severe emotional distress to plaintiffs. Among other claims, plaintiffs contend that Ms. Letona attempted to interfere with their rights of association by convincing Ms. Fredenburg that she had to leave and/or divorce her husband

Joint CMC Statement
Fredenburg v. Santa Clara
(Case No. C07 04412 RS)

if she was to hope to have her children returned to her, and that this was a course of conduct that is within the polices, practices, customs, or procedures of the County of Santa Clara.

**Defendants City of Milpitas and Officers Prolo and Yamamura contend that** after ten minutes of trying to locate the mother of a baby locked in a car parked in front of Round Table Pizza, the Round Table employee called the police. After Officer Prolo arrived, he was able to get the baby out of the car and bring her into the air-conditioned restaurant. The baby was extremely hot to the touch, but not perspiring at all—a sign of dehydration. It was later learned that it was 90 degrees inside of the locked car. The baby was taken by ambulance to the hospital and checked out by medical personnel.

Officer Yamamura tried to locate the baby's mother while Officer Prolo was inside Round Table. Eventually Mrs. Fredenburg arrived. She was taken to the station and interviewed, during which time she admitted to leaving her baby in the car. She also admitted that she lied to the officers at the scene when she told them that her eight year old and two and a half year old were at home with competent supervision. She left both children at home alone, after giving the eight year old instructions that he was not to answer the phone or open the door for anyone.

When officers contacted Mr. Fredenburg at work and explained all of what was going on with his children and wife, he told the officers that he was too busy and would not come pick up his children; rather, he would send his parents. Based on Mrs. Fredenburg's actions in locking her seven-month-old in a 90 degree car, leaving her eight year old and two and a half year old at home, and on Mr. Fredenburg's initial and inexplicable refusal to pick up his children, Officer Prolo felt that a welfare check needed to be conducted. He contacted the County and informed the Fredenburgs about the investigation.

Joint CMC Statement
Fredenburg v. Santa Clara
(Case No. C07 04412 RS)

1

**Defendants County of Santa Clara, Ms. Cortez and Ms. Letona contend that**

2    County Defendants deny that Defendant Alicia Cortez unlawfully removed Plaintiff children

3    from their father.

4            County Defendants deny that M.F. was placed in the Children's Shelter with a child

5    who was known by the County to have issues related to his own abuse that manifested with

6    sexual acting out behaviors.

7            County Defendants deny that defendants Yazmina Letona and Sharon Burgan made

8    false statements or withheld information that was exculpatory in nature when filing reports

9    with the juvenile court. County Defendants further deny that defendant Letona attempted to

10   interfere with Plaintiffs' right to associate by convincing plaintiff Kim Fredenburg that she

11   had to leave and/or divorce her husband if she wanted to have her children returned to her. To

12   the contrary, plaintiff Kim Fredenburg told defendant Letona and another social worker

13   present during the interview that she wanted to leave her husband and had been planning on

14   doing it for some time.

15           County Defendants deny that they used tactics intended to cause severe emotional

16   distress to plaintiffs.

17           County Defendants further deny that they did anything to deprive plaintiffs of their

18   constitutional rights. Additionally, County Defendants deny that the County has any policy,

19   practice, or custom that caused and/or was a moving force behind any alleged constitutional

20   deprivation allegedly suffered by plaintiffs.

21   **2.    The principal factual issues which the parties dispute:**

22           a.    The nature and circumstances surrounding the taking into protective custody of

23                 the children.

4

1   b.    The nature and circumstances surrounding the interaction of the Police

2   Department and the officers with Mr. Fredenburg before and during his time at the

3   police station.

4   c.    The nature and circumstances surrounding the placement of the children in the

5   shelter, the events involving M.F. and another boy in the shelter on August 9th, 2006.

6   d.    The nature and circumstances regarding the sharing of information with the

7   parents and/or relatives with whom M.F. was placed, with regard to the alleged

8   molestation in the shelter.

9   e.    The nature and circumstances of the meetings between the parents and Ms.

10  Letona after the children were removed and the statements and representations of the

11  participants in those meetings.

12  f.    The nature and circumstances of the reports written to the juvenile dependency

13  court by Ms. Letona.

14

15  g.    The nature and extent of plaintiffs' damages.

16  h.    The nature and extent of plaintiffs' allegations that public entity defendants

17  failed to adequately train, educate, and supervise defendant social workers and police

18  officers with deliberate indifference so as to cause or contribute to the alleged

19  constitutional violations.

20  i.    The nature and extent of plaintiffs' allegations that public entity defendants

21  promulgated policies, practices, customs or procedures, which manifested deliberate

22  indifference to the rights and safety of the plaintiffs.

23

24  j.    The nature and circumstances surrounding, and extent of, plaintiffs' allegations

25  that defendants' actions were malicious and/or taken with reckless disregard for the

5

1    rights and safety of the plaintiffs, and were done intentionally, and with deliberate

2    indifference to the rights of plaintiffs.

3        k.    Whether there are additional unnamed defendants.

4    **3.    The principal legal issues which the parties dispute and citation to specific
        statutes and decisions:**

5

6        a.    Whether plaintiffs' constitutional rights were violated by defendants.

7        b.    Whether the rights plaintiffs contend were violated were clearly established.

8        c.    Whether any or all of the actions of the defendants are protected from liability

9    by the application of any immunity, including statutory, absolute, or qualified

10   immunity.

11       d.    Whether there is any liability attributable to either public entity defendant based

12   on a *Monell* theory of liability.

13       e.    Whether the complaint states a cause of action upon which relief can be granted.

14       f.    The parties do not present the following as an exhaustive list of statutes or

15   authorities that may be relevant in this matter, but in good faith proffer the following

16   statutes and legal decisions may be relevant in this proceeding:

17

18   **U.S. Supreme Court Decisions:** *Antoine v. Byers & Anderson, Inc.* (1993) 508 U.S.
     429; *Burns v. Reed* (1991) 500 U.S. 478; *Butz v. Economou* (1978) 438 U.S. 478; *Davis
19   v. Scherer* (1984) 468 U.S. 183; *Hoffman v. Harris* (1994) 511 U.S. 1060; *Illinios v.
     Gates* (1983) 462 U.S. 213; *Imbler v. Pachtman* (1976) 424 U.S. 409; *Kalina v.
20   Fletcher* (1997) 522 U.S. 118; *Malley v. Briggs* (1986) 475 U.S. 335; *Olim v.
     Wakinekona* (1983) 461 U.S. 238; *Saucier v. Katz* ; *Adickes v. S.H. Kress and Co.,* 398
21   U.S. 144 (1970); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Celotex Corp.
     v. Catrett,* 477 U.S. 317 (1986); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Monell v.
22   Dept. of Soc. Serv's of the City of New York*, 436 U.S. 658 (1978); *U.S. v. Leon*, 468
     U.S. 897 (1984); **Ninth Circuit Court of Appeals Decisions;** *Ram v. Rubin,* 118 F.3d
23   1306, 1311 (9th Cir.1997), *Carlo v. City of Chino* (9th Cir. 1997) 105 F.3d 493; *Doe v.
     Lebbos* (9th Cir. 2003) 348 F.3d 820; *Enesco Corp. v. Price/Costco, Inc.* (9th Cir. 1998)
24   146 F.3d 1083; *Hervey v. Estes* (9th Cir. 1995) 65 F.3d 784; *Merriman v. Walton* (9th
     Cir. 1988) 856 F.2d 1333; *Meyers v. Contra Costa County Dept. Soc. Serv.* (9th Cir.
25   1987) 812 F.2d 1154; *Calabretta v. Floyd*; *Rogers v. San Joaquin County*; *Miller v.

6

*Gammie* (9th Cir. 2003) 335 F.3d 889; *Milstein v. Cooley* (9th Cir. 2001) 257 F.3d 1004; *Wstrn. Ctr. for Journalism v. Cederquist* (9th Cir. 2000) 235 F.3d 1153; **Other Circuit Court of Appeals Decisions;** *Snell v. Tunnell* (10th Cir.1990) 920 F.2d 673; *Vosburg v. Dep't of Soc. Servs.* (4th Cir.1989) 884 F.2d 133; *Sevigny v. Dicksey* (4th Cir. 1988) 846 F.2d 953; **Federal Statutes;** 42 U.S.C. §1983, 42 U.S.C.1988; **U.S. Constitution;** 1st, 4th, 14th; **California Cases;** *Johnson v. State,* 69 Cal. 2d 782 (1968), *Barner v. Leeds,* 24 Cal. 4th 676 (2000), *Scott v. County of Los Angeles,* 27 Cal. App. 4th 125 (1994), *Alejo v. City of Alhambra,* 75 Cal.App.4th 1180 (1999)Amendments; **California Constitution;** Article 1 section 13; **California Statutes;** G.C. 815.2, 815.3, 815.4, 815.6, 820.21; Cal. Pen. Code §§ 11164-11174.3; W&IC Section 272, 300, 305, 306, 309, 319, 329, 330, 340, Cal. H&S section 1531.5(d); C.C. 52.1;  Cal Rules of Court 1408; **California Administrative Regulations;** Title 22, Division 6, Chapter 9.5, Article 3 section 89378(a) and (c); Title 31 Regulation, 320-405.1, 31-002(f)(7), 31 31-002(n)(1), 31-101.1, 31-206.35, 31-310.12, 31-320.111, 31-325.111, 31-330.111, 31-335.22, 31-405(l), 31-320.3, 31-320.41, 31-325.2

4.     **The other factual issues (e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue) which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

No other factual issues pertaining to service of process, personal jurisdiction, subject matter jurisdiction or venue are believed to be unresolved at this point in time.

5.     **The parties which have not been served and the reasons:**

The plaintiffs believe all known defendants have either been served or have answered.

6.     **The additional parties which the below-specified parties intend to join, or any additional claims or defenses, and the intended time frame for such joinder:**

It is believed that all necessary and appropriate parties have been served and answered and there is no current intention of any existing party to join additional parties, or any current intention to add any claims or defenses, however, all parties reserve the right to seek joinder of additional parties as information becomes available or is received in the course of discovery in this matter, and additionally to amend to add parties, claims or defenses as warranted by the facts determined in discovery.

**7.  <u>The following parties consent to assignment of this case to a United States Magistrate Judge for [court or jury] trial:</u>**

The plaintiffs have previously filed a Declination to Proceed Before A Magistrate.

**8.  <u>Anticipated Pre-Trial Motions:</u>**

All parties anticipate filing motions for summary judgment at some point in the proceedings.  Plaintiffs anticipate pre-trial motions may be necessary related to discovery of the identity of the child who molested M.F. in the shelter, the identity of all persons, be they mandated reporters or otherwise, who did not cross-report to law enforcement, and the information necessary to determine the nature and extent of defendant County of Santa Clara's knowledge of the unknown child's predilections and sexual acting out behaviors prior to the molestation.

**9.  <u>Evidence Preservation:</u>**

The parties, by and through counsel, have agreed that they will instruct their clients fully on their obligations to preserve all evidence relevant to the issues reasonably evident in this action, and to avoid erasure or destruction of any documents, e-mails, voice mails, and/or other electronically-recorded / stored materials.

**10.  <u>Relief Sought:</u>**

Plaintiffs are seeking general damages in an amount not less than $1,000,000.00 for all plaintiffs collectively, and punitive damages from defendant Letona in an amount to be established at trial upon establishing a prima facie case of malice and/or reckless disregard, and proper discovery of defendant Letona's financial worth.

The damages in this case are based primarily on the emotional distress and anxiety experienced by these plaintiffs as a result of the complete disruption of their family unit, and the molestation of M.F. which information was withheld from the adult plaintiffs for a period

Joint CMC Statement
Fredenburg v. Santa Clara
(Case No. C07 04412 RS)

of five days, and from the adult relative with whom the child was placed.  The damages are

therefore not capable of precise calculation, and within the province of the jury.

## ALTERNATIVE DISPUTE RESOLUTION

**11.    The parties have agreed to the following court ADR processes:**

The parties have agreed upon mediation, and will be prepared to discuss this during the

Case Management Conference.

## DISCLOSURES

The parties submitting this statement will exchange Rule 26 Disclosures on or before

the Case Management Conference.

## DISCOVERY

The parties propose no change to the standard discovery limits on the numbers of

depositions, interrogatories, requests for documents, and/or requests for admissions provided

for in the FRCP and/or local rules.  Plaintiffs and County Defendants have already procured

certain documents from the juvenile dependency court in Santa Clara County, and obtained

authorization to produce same to other defendants, and will do so to counsel for defendant

City of Milpitas and the individual officers.

Discovery will proceed as initiated by the parties, and with the intention of reasonable

cooperation on all aspects of discovery.

All parties reserve the right to seek changes to the standard discovery limits and/or

additional discovery should the need arise.

## TRIAL SCHEDULE

The case will be tried to a jury.  The parties request that the Court not schedule pre-trial

or trial dates at this time, but rather do so at a further Case Management Conference to be

Joint CMC Statement
Fredenburg v. Santa Clara
(Case No. C07 04412 RS)

scheduled in approximately 90 days from this initial Case Management Conference, at which point the parties will have been able to have conducted some discovery, possibly completed mediation, and the nature and scope of further discovery and thereby appropriate dates for trial, can more reasonably and accurately be assessed.

## SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Civil L.R.16-6, the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities, and has considered whether this case might benefit from any of the available dispute resolution options.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.


Dated: 12/3/07                    ___/S/  Robert R. Powell_____
                                  ROBERT R. POWELL, ESQ.
                                  Attorney for Plaintiffs


Dated: 12/3/07                    __/S/  Melissa R. Kiniyalocts_____
                                  MELISSA R. KINIYALOCTS, ESQ.
                                  Attorney for Defendants County of
                                  Santa Clara, Sharon Burgan, Alicia
                                  Cortez, Yazmina Letona


Dated: 12/3/07                    ___/S/  Tricia L. Hynes_____
                                  TRICIA HYNES, ESQ.
                                  Attorney for Defendants  City of
                                  Milpitas, Pete Prolo, Derek Yamamura

Joint CMC Statement
Fredenburg v. Santa Clara
(Case No. C07 04412 RS)