IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Matt Fredenburg, et al., | NO. C 07-04412 JW |
| Plaintiffs, <br> v. <br> County of Santa Clara, et al., <br> Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' APPLICATION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

Presently before the Court is Plaintiffs' Application for Leave to File a Motion for Reconsideration of Order on Motion for Summary Judgment. (hereafter, "Application," Docket Item No. 69.) Plaintiffs seek leave to file a motion for reconsideration of the Court's June 4, 2009 Order[1] denying Plaintiffs' motion for summary judgment and dismissing Plaintiffs' Monell[2] claim.

In its June 4 Order, the Court denied Plaintiffs' motion for summary judgment as to Defendant Prolo. (June 4 Order at 12.) The Court also, *sua sponte*, dismissed Defendant Milpitas from this action on the ground that Plaintiffs have not allege a Monell claim.

Plaintiffs request leave to file a motion for reconsideration of the June 4 Order with respect to the Court's dismissal of Defendant Milpitas and denial of summary judgment in favor of Plaintiffs as to Defendant Prolo. (Application at 1.)

---

[1] (June 4, 2009 Order, hereafter, "June 4 Order," Docket Item No. 66.)

[2] Monell v. Dep't of Soc. Serv. of the City of New York, 436 U.S. 658 (1978).

Before a party may file a motion for reconsideration, the party must first obtain leave of the court. Civ. L.R. 7-9(a). In doing so, the moving party must specifically show the following:

(1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c). "A party who violates this restriction shall be subject to appropriate sanctions." Id.

First, with respect to the dismissal of Defendant Milpitas based on Plaintiffs' failure to allege a Monell claim, the Court previously considered all the allegations in Plaintiffs' Complaint. However, the parties did not have an opportunity to brief the sufficiency of Plaintiffs' allegations concerning Defendant Milpitas' liability. Thus, the Court finds it appropriate to grant leave to file a motion for reconsideration on that issue.

Second, with respect to the Court's denial of summary judgment against Defendant Prolo, Plaintiffs have not identified any evidence or legal arguments that were not previously considered. Thus, the Court finds no basis under Local Rule 7-9(b) for granting leave to file a motion for reconsidering of this issue.

Accordingly, the Court GRANTS in part and DENIES in part Plaintiffs' Application for Leave to File a Motion for Reconsideration of Order on Motion for Summary Judgment. The Court GRANTS Plaintiffs leave to file a motion for reconsideration as to whether they have sufficiently alleged a Monell claim against Defendant Milpitas. The Court DENIES Plaintiffs leave to file a motion for reconsideration regarding the Court's denial of summary judgment against Defendant Prolo.

2

The Court sets **October 5, 2009 at 9 a.m.** as a hearing date Plaintiffs' Motion for Reconsideration of the Court's dismissal of the <u>Monell</u> claim as to Defendant the City of Milpitas. Defendant Milpitas may notice a Motion for Summary Judgment as to this claim for the same hearing date. The parties shall adhere to the briefing schedule as set forth in the Court's Civil Local Rules.

Dated: June 25, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Michael Rollo david.rollo@cco.sccgov.org
Dennis R. Ingols dingols@rrpassociates.com
Dennis R. Ingols dingols@rrpassociates.com
Douglas D. Durward Doug@durwardlaw.com
Kevin E. Gilbert kgilbert@meyersnave.com
Kimberly E. Colwell kcolwell@meyersnave.com
Melissa R. Kiniyalocts melissa.kiniyalocts@cco.co.scl.ca.us
Robert Ross Powell rpowell@rrpassociates.com
Tricia L. Hynes thynes@meyersnave.com

**Dated:  June 25, 2009**                    **Richard W. Wieking, Clerk**

                                             **By:     /s/ JW Chambers**
                                             **        Elizabeth Garcia**
                                             **        Courtroom Deputy**